**Dated: July 18, 2005**
**The following is ORDERED:**



*Tom R. Cornish*
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN COLLINS | ) | Case No. 05-71548 |
| | ) | Chapter 13 |
| CYNTHIA COLLINS | ) | |
| Debtor(s). | ) | |

### ORDER GRANTING MOTION TO DISMISS

On the 7th day of July, 2005, the Motion to Dismiss, filed by the Trustee; and objection to Trustee's Motion to Dismiss, filed by the Debtors, came on for hearing. Appearances were entered by William M. Bonney, Chapter 13 Trustee, and Betty Williams, Attorney for Debtors. After review, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Statement of the Facts

The Debtors initially filed for Chapter 13 Bankruptcy relief on November 28, 2001. While that case was pending, JP Morgan Chase Bank (creditor) filed three motions

for relief from the automatic stay. An Agreed Order was entered on October 25, 2004 and an Order of Abandonment and Lifting Stay was entered December 20, 2004. The Debtors voluntarily dismissed their case on February 1, 2005. Subsequently, the Debtors re-filed for Chapter 13 relief on April 18, 2005, resulting in this motion to dismiss.

## Discussion

The basis for the Trustee's motion to dismiss is 11 U.S.C. §109(g)(2) which states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if…
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The purpose of this statute is to protect creditors because it prevents a debtor from voluntarily dismissing their bankruptcy case in the face of a creditor's motion for relief from stay or abandonment and then re-filing before the creditor can begin foreclosure proceedings. *Tooke v. Sunshine Trust Mortgage Trust (In re Tooke)*, 149 B.R. 687, 690 (M.D. Fla. 1992). Since the Debtors voluntarily dismissed their previous Chapter 13 Bankruptcy case following a creditor's motion for relief from an automatic stay, 11 U.S.C. §109(g)(2) dictates that their current Chapter 13 bankruptcy case should be dismissed and that the debtors should be barred from filing bankruptcy for 180 days.

Many courts have found that 11 U.S.C. §109(g)(2) is unambiguous and mandatory whenever the facts of the case warrant its application. *Andersson v. Security Fed. Sav. & Loan (In re Andersson)*, 209 B.R. 76 (6th Cir. BAP 1997); *In re Richardson*, 217 B.R. 479

2

(Bankr. M.D. La. 1998); *In re Steele*, 319 B.R. 518 (E.D. Mich. 2005). In *Andersson*, the debtors voluntarily dismissed their previous bankruptcy case while a creditor's motion for relief from automatic stay was pending. Within 180 days of that voluntary dismissal, the debtors in *Andersson* attempted to file another bankruptcy case. However, the court dismissed the second case reasoning that since the debtors voluntarily dismissed their own case in the face of a creditor's motion for relief from automatic stay, they were barred from filing another bankruptcy case for 180 days under 11 U.S.C. §109(g)(2) despite the debtor's intent. *Andersson*, 209 B.R. at 79.

It is clear that 11 U.S.C. §109(g)(2) is applicable to the current case. Like in *Andersson,* Mr. and Mrs. Collins voluntarily dismissed their previous Chapter 13 bankruptcy case following a creditor's motion for relief from automatic stay. Also, the Collins' filed another Chapter 13 case within 180 days of that voluntary dismissal. The statute unambiguously and clearly states that the filing of this second case is improper and was written to protect creditors from situations just like this.

This court recognizes that there is conflicting authority and that an alternative interpretation of 11 U.S.C. §109(g)(2) is central to the Debtors' argument. The Debtors argue that the statute only provides for discretionary dismissal. The Debtors argue that the court should look to the Debtors' good faith in re-filing and also to the connection between the Debtors' voluntary dismissal and the creditor's request for relief. However, this court finds that 11 U.S.C. §109(g)(2) is unambiguous and that the statute should be applied as written regardless of the Debtors' intent or good faith. *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-254 (1992) (Holding that "courts must presume that a legislature says in a statue what it means and means in a statue what it says there."). While the Debtors may feel that mandatory application of the statue leads to a harsh

result, the 180 day bar to re-file is only triggered when the debtor voluntarily dismisses their bankruptcy case following a creditor's motion for relief from an automatic stay. Therefore, it is the duty of the debtor to know and understand the consequences of voluntarily leaving the protection of the bankruptcy court.

In conclusion, the Debtors improperly filed for Chapter 13 bankruptcy when they did so within 180 days of voluntarily dismissing a previous bankruptcy case after a creditor motioned for relief from automatic stay. Therefore, the Debtors' current Chapter 13 case should be dismissed and the Debtors should be barred from re-filing for 180 days of this order as dictated by 11 U.S.C. §109(g)(2).

IT IS THEREFORE ORDERED that the Motion to Dismiss, filed by the Trustee, is **granted.** The Debtors are barred from re-filing for 180 days from the entry of this Order.

###